# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-250 (ECT/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Justin Thomas Chapman, | |
| Defendant. | |

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Manvir K. Atwal, Assistant Federal Defender, Federal Defender's Office, 300 South Fourth Street, Suite 107, Minneapolis MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Steven E. Rau, on the parties' non-dispositive pretrial motions. Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings,

**IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 15), is **GRANTED** as follows: The Government seeks discovery pursuant to pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2. Defendant has offered no objection to the motion. Therefore, Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Discovery and Inspection, (ECF No. 28), is **GRANTED** as follows: Defendant seeks discovery pursuant to the Federal Rules of Criminal Procedure. The Government does not object. Therefore, the Government shall comply with its obligations under the Federal Rules.

3. Defendant's Pretrial Motion for Disclosure of 404 Evidence, (ECF No. 29), is **GRANTED** as follows: Defendant requests immediate disclosure of "bad act" or "similar course of conduct" evidence the Government intends to offer at trial. The Government does not object to producing evidence extrinsic to the charged offense. Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted). Therefore, no later than no later than 14 days prior to trial, the Government shall provide notice of all extrinsic evidence that it intends to offer at trial within the purview of Fed. R. Evid. 404(b).

4. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 30), is **GRANTED** as follows: Defendant seeks evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates it is aware of its obligations under these authorities. Therefore, the Government shall fully comply with its obligations under *Brady*, *Giglio*, and their progeny.

5. Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G), (ECF No. 31), is **GRANTED** as follows: Defendant moves for disclosure of a written summary of expert testimony the Government intends to use at trial. The Government does not object to disclosure. Therefore, the Government shall disclose its experts and a summary of their testimony no later than two weeks before trial. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

6. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 32), is **GRANTED** as follows: Defendant seeks an order compelling the Government to retain rough notes. The Government does not oppose to retention of notes. Therefore, the Government shall

direct its agents involved in this case to retain and preserve any rough notes and evidence pertaining to this case.

Dated: January 3, 2019

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*United States v. Chapman*
Case No. 18-cr-250 (ECT/SER)