UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

―――――――――――――――――――――――――――――――――――――――――――――――――

United States of America,   File No. 18-cr-00250 (ECT/SER)

    Plaintiff,

v.   **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Justin Thomas Chapman,

    Defendant.
―――――――――――――――――――――――――――――――――――――――――――――――――

This case is before the Court on a Report and Recommendation issued by Magistrate Judge Steven E. Rau. ECF No. 49 ("R&R"). Magistrate Judge Rau recommends denying both of defendant Chapman's motions to suppress [ECF Nos. 33, 34] because he was not in custody when the statements were made and there was probable cause for the two search warrants. R&R at 20, 23–25. Chapman filed a one-page objection, challenging only the conclusion that he was not in custody for *Miranda* purposes at the time he was interrogated. ECF No. 50 at 1. Beyond objecting to this ultimate legal conclusion, Chapman does not make any specific objections and relies on his original brief. *Id.* (citing ECF No. 47). In response to Chapman's "sparse" and "general" objections, the Government requests that the Report and Recommendation be adopted in its entirety. ECF No. 51 at 1–2.

Usually, when a party objects to the Report and Recommendation, the Court is required to undertake de novo review pursuant to 28 U.S.C. § 636(b)(1). But here, the Government argues that because "Chapman presents no specific objections . . . and merely references the arguments he previously made . . . . the standard of review is clear error." Resp. at 2. There is certainly ample District precedent for this proposition. *See, e.g.*,

*United States v. McMillan*, No. 17-cr-0290 (WMW/BRT), 2018 WL 2383162, at *3 (D. Minn. May 25, 2018) ("Because [defendant] does not challenge any particular aspect of the R&R's probable-cause analysis, the Court reviews this objection to the R&R for clear error."); *United States v. Flor*, No. 18-cv-699 (JRT/BRT), 2019 WL 293237, at *2 (D. Minn. Jan. 23, 2019) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." (quoting *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015))); *see also Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions).

There are reasons to question this approach. The applicable statute, 28 U.S.C. § 636(b)(1), does not create such a requirement, at least not explicitly. *See* 28 U.S.C. § 636(b)(1) ("[A]ny party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* Fed. R. Crim. P. 59(b)(1); Local Rule 72.2(a)(3). And to the extent § 636(b)(1) does reference or require specificity, Chapman's objection does pinpoint a particular aspect of the Report and Recommendation that he challenges—the legal conclusion that he was not in custody—although he certainly could have more clearly lodged an objection to a specific aspect of the custodial-interrogation analysis. *See* Obj. at 1. Nor has the Eighth Circuit adopted this

modified standard of review for non-specific objections.  As the Eighth Circuit stated in *Bell v. Purkett*:

> Congress has mandated that the district court give *de novo* review to those portions of a Magistrate's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).  There is a court-created exception in some circuits: ". . . [T]he district court need not conduct *de novo* review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Johnson v. Knable*, 1991 WL 87147, at *1, 1991 U.S. App. Lexis 12125, slip op. at *4 (4th Cir. May 28, 1991), citing *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982); *United States v. Merz*, 376 U.S. 192, 199, 84 S.Ct. 639, 643, 11 L.Ed.2d 629 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102, 105–06 (D.C. Cir. 1980).  There is language in an Eighth Circuit case which indicates this Circuit's approval of such an exception. *Branch v. Martin*, 886 F.2d 1043 (8th Cir.1989) ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger de novo review. *See, e.g.*, *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (per curiam) (no de novo review if objections are untimely or general)").
>
> The Eighth Circuit has, however, repeatedly emphasized the necessity of de novo review, and thus retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate. *Id.* at 1045.  Failure to conduct de novo review when required is reversible error. *Id.* at 1046.

15 F.3d 803, 815 (8th Cir. 1994); *see also Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (declining to apply "the exception recognized in some circuits that de novo review is not required when a party makes general and conclusory objections," and again noting that "[t]he failure to perform de novo review when required is reversible error").

Regardless, this issue need not be resolved here because that part of Magistrate Judge Rau's Report and Recommendation addressing the Motion to Suppress Statements,

3

Admissions and Answers is plainly correct. *See also* Resp. at 4 n.4 ("[E]ven if the Court were to conduct a de novo review . . . Chapman's Objections lack merit and the Court should adopt the R&R in its entirety."). Magistrate Judge Rau properly weighed the *Griffin* factors and correctly observed that the Eighth Circuit has never held that a person was in custody when the defendant was told he was not under arrest, that answering questions was voluntary, and that he was free to leave. *See* R&R at 14–20 (citing *United States v. Perrin*, 659 F.3d 718, 721 (8th Cir. 2011) ("[W]e have never held that a person was in custody after receiving [admonitions that the person could leave and did not have to answer questions if he or she stayed]."); *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2004)). The Court has reviewed the remainder of the Report and Recommendation's findings and conclusions and found no clear error.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Objections to the Report and Recommendation [ECF No. 50] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 49] is **ACCEPTED** in full;

3. Defendant's Motion to Suppress Statements, Admissions, and Answers [ECF No. 33] is **DENIED**; and

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 34] is **DENIED**.

Dated: April 4, 2019                    s/ Eric C. Tostrud
                                                           Eric C. Tostrud
                                                           United States District Court